*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN K. BEER,

Plaintiff-Appellant,

v

KROPF CONSTRUCTION CONSULTING, LLC,

Defendant/Third-Party Plaintiff-
Appellee,

and

JASON ZOLDOS and JASON ZOLDOS
ROOFING,

Third-Party Defendants.

UNPUBLISHED
May 9, 2019

No. 342666
Oakland Circuit Court
LC No. 2017-158577-CK

Before: BOONSTRA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

In this breach-of-contract action, plaintiff challenges the trial court's grant of summary disposition to defendant/third-party plaintiff Kropf Construction Consulting, LLC. We affirm.[1]

## I. BACKGROUND

In 2011, plaintiff entered into a home-construction contract with Kropf Construction. Section (I)(7) of the contract contained a limited warranty, which provided, in pertinent part:

---

[1] Plaintiff appeals as of right, however, from the trial court's stipulated order dismissing without prejudice Kropf Construction's third-party complaint against third-party defendants Jason Zoldos and Jason Zoldos Roofing.

-1-

At time of closing, Builder to provide to the original Purchaser only, a Limited Warranty, to remedy defects in workmanship and materials which appear and of which the Builder shall be notified in writing by such Purchaser within the period of twelve (12) months from the date of completion of the residence . . . . No other warranty of whatsoever kind or nature, either express or implied, shall be given by Builder.

Section (I)(12) of the contract stated, "It is mutually understood and agreed that receipt by Builder of a 'Certificate of Occupancy' or 'Temporary Certificate of Occupancy' shall constitute completion of construction." The limited warranty itself was memorialized in a separate document, which included a notice provision that provided:

If a defect appears which you think is covered by this Limited Warranty, you must complete the Warranty Claim Form which is attached to this Limited Warranty and mail it to us at the address shown on the form. We will not assume responsibility for responding to any claim delivered to us more than fourteen (14) days after the expiration of the one-year warranty period, even if the defects that are claimed may have arisen within the one-year warranty period.

The "warranty period" referenced in the limited warranty began on the date plaintiff received her "Municipality Final Approval or the day [she could] make reasonable use of the renovated space."

A temporary certificate of occupancy was issued for the residence in February 2013 and a finalized certificate was issued in March 2014. Sometime in late 2013, plaintiff began to notice a few shingles falling off of the home's roof. Plaintiff however, did not notify Kropf Construction of the issue until September 2015, at which time shingles were consistently falling off the roof. Then, in May 2017, plaintiff filed a complaint against Kropf Construction claiming that Kropf Construction breached the home-construction contract by delivering "substandard construction resulting in many defects," particularly to the roof. In turn, Kropf Construction filed a third-party complaint against the roofer, Jason Zoldos and Jason Zoldos Roofing (collectively, Zoldos), arguing that Zoldos had breached a subcontract with Kropf Construction by defectively installing the roof.

During discovery, Kropf Construction moved for summary disposition on plaintiff's breach-of-contract claim under MCR 2.116(C)(10), arguing that the home-construction contract barred plaintiff's claim because plaintiff failed to provide Kropf Construction with notice of the alleged defect within one year of the issuance of the certificate of occupancy. The trial court granted the motion and the parties later stipulated to the dismissal of Kropf Construction's third-party complaint against Zoldos without prejudice. This appeal followed.

## II. ANALYSIS

"We review de novo a trial court's grant or denial of summary disposition." *Tomra of North America, Inc v Dep't of Treasury*, 325 Mich App 289, 293-294; ___ NW2d ___ (2018). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and is appropriately granted when, except as to the amount of damages, there is no

genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id*. at 294.

On appeal, plaintiff does not argue that the notice provision was ambiguous or that she provided notice within the notice period. Rather, plaintiff argues that she should be excused from the failure to provide notice because the notice provision is unreasonable when applied to a latent defect such as the roofing issue. Additionally, plaintiff argues that summary disposition was inappropriate because discovery was still ongoing. Plaintiff's arguments are without merit.

"A fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be *enforced as written*." *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005), overruling on other grounds recognized in *W A Foote Mem Hosp v Michigan Assigned Claims Plan*, 321 Mich App 159, 183-184; 909 NW2d 38 (2017). While this Court does retain equitable powers to abrogate unambiguous contractual provisions in certain limited situations, the unreasonableness of a contract is insufficient to invoke this Court's equitable jurisdiction. "When a court abrogates unambiguous contractual provisions based on its own independent assessment of reasonableness, the court undermines the parties' freedom of contract." *Id*. at 468-469 (internal citation and quotation marks omitted). A party seeking to avoid an unambiguous contract provision must show that the challenged provision is unconscionable, not merely unreasonable. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 30; 772 NW2d 801 (2009). Otherwise this Court will enforce the contract as written. *Id*.

Plaintiff makes no argument that the one-year notice provision is unconscionable. Indeed, the word "unconscionable" appears nowhere in plaintiff's brief. Thus, plaintiff's failure to address the issue under the correct standard is sufficient for us to deny relief. See *Oakland Co v State*, 325 Mich App 247, 267;___ NW2d ___ (2018) ("An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue.") (internal citation and quotation marks omitted); *Riemer v Johnson*, 311 Mich App 632, 653; 876 NW2d 279 (2015) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (internal citation and quotation marks omitted).

Moreover, even had plaintiff properly presented this issue to us, we would conclude that the notice provision was not unconscionable. A contractual provision is only unconscionable if "the weaker party had no realistic alternative to acceptance of the term" (procedural unconscionability) and the term "is so extreme as to shock the conscience" (substantive unconscionability). *Liparoto Constr*, 284 Mich App at 30-31. Here, at a minimum, plaintiff is unable to show procedural unconscionability because plaintiff cannot show that she had no choice but to accept the contract term. Put simply, plaintiff was free to look for another construction company with better terms or to purchase an existing home. Nothing compelled

plaintiff to sign Kropf Construction's contract. Therefore, the contract must be enforced as written. *Id*. at 30-31.[2]

Finally, plaintiff is correct that summary disposition may be premature if discovery is still open. See *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). "However, the mere fact that the discovery period remains open does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate." *Id*. Here, plaintiff has not argued that further discovery would uncover any evidence that would create a genuine issue of material fact. Accordingly, plaintiff has failed to show that summary disposition was premature.

Affirmed.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood

---

[2] Regarding substantive unconscionability, plaintiff argues that the notice provision was "unreasonable" because it prevented redress for "latent" defects, such as the roofing issue here. A latent defect is one that is not discoverable by reasonable inspection. *Black's Law Dictionary* (8th ed). The earliest the notice period could have closed was in February 2014, one year after the February 2013 temporary-occupancy certificate. Given that plaintiff acknowledges that "a few shingles" fell of the roof in late 2013, we question whether plaintiff could show that the roofing issue was a latent one at the close of the notice period. Nevertheless, where, as here, the plaintiff cannot show procedural unconscionability, we need not address substantive unconscionability.